UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY                                  :   Docket No.
                                                   :
                    Plaintiff,                     :
                                                   :   **DECLARATORY JUDGMENT**
        -against-                                  :   **COMPLAINT**
                                                   :
823 PARK AVENUE LLC, AND                           :
PROPERTY MARKETS GROUP, INC.                       :
                                                   :
                    Defendants.                    :
-----------------------------------------------------------------X

Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against defendants, 823 Park Avenue LLC ("823 Park") and Property Markets Group, Inc. ("PMG"), alleges as follows:

## PARTIES

1. Plaintiff, American Empire, is an insurance company duly organized and existing under the laws of the State of Delaware, with its principal place of business in Ohio.

2. Upon information and belief, and at all times relevant, defendant 823 Park is a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business in New York.

3. Upon information and belief, and at all times relevant, defendant PMG is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in New York.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 U.S.C. §§ 1332, 2201 and 2202, and common law, and seeks declaratory relief.

5. This Court has subject matter jurisdiction over this declaratory judgment action because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of New York because the underlying action is pending in this Court's jurisdiction.

## FACTS

7. This action stems from a lawsuit commenced on or about June 5, 2006, by William Perdomo ("Perdomo"), which is presently entitled: *"William Perdomo v. 823 Park Avenue LLC, Ameribuild Construction Management, Inc., PMG Markets Group and JG Construction of Queens, Inc."* (Index No. 12668/2006) and pending in the Supreme Court of the State of New York, Queens County (the "Underlying Action"). By way of the Underlying Action, the plaintiff seeks compensatory damages for bodily injuries allegedly sustained when he fell from a ladder while participating in concrete testing work on behalf of his employer, Tectonic Engineering & Surveying Consultants P.C. ("Tectonic"), at a construction site located at 823 Park Avenue in Manhattan (the "Premises").

8. Prior to Perdomo's alleged injuries, 823 Park (via its managing agent, PMG) as owner of the Premises, entered into a Construction Management Agreement with Ameribuild Construction Management, Inc. ("Ameribuild") dated January 10, 2005.

9. By way of a contract dated June 16, 2005, 823 Park/PMG retained J.G. Construction of Queens, Inc. ("JG") to pour concrete at the site. When an issue arose regarding

the concrete's P.S.I. rating, Tectonic was hired to perform controlled inspections and material testing services at the Premises. Perdomo, an employee of Tectonic, claims to have been subsequently injured when he fell from a ladder while participating in the concrete testing work. Allegedly, the vibration caused by the core sampling drill was intense, and caused a concrete support pole to fall, hitting the plaintiff and knocking him off the ladder.

10. JG's insurer, New Hampshire Insurance Company ("AIG") and Ameribuild's insurer, American Empire, ultimately agreed to share in the cost of defending 823 Park and PMG in the Underlying Action as additional insureds under their respective policies.

11. By way of Motion in the Underlying Action dated December 12, 2015, 823 Park and PMG sought an order granting summary judgment and dismissing Perdomo's causes of actions against them for violations of Labor Law §200 and §241(6) and for common law negligence. Likewise, JG cross-moved for an order granting summary judgment and dismissing Perdomo's causes of actions against it for violations of Labor Law §200 and §241(6) and for common law negligence. Ameribuild separately moved for an order granting summary judgment and dismissing Perdomo's causes of action against it for violations of Labor Law §200 and §241(6), for common law negligence, and any cross-claims and counterclaims against it.

12. By way of an Order dated April 8, 2016, the Honorable Rudolph E. Greco, Jr., granted Ameribuild's motion in its entirety, dismissing it in all respects from the Underlying Action. The Court found that Ameribuild had established, *prima facie*, that it did not have supervisory control and authority over the work performed by Tectonic's employees, including Perdomo, nor did Ameribuild have such control and authority over the work performed by the prime concrete contractor, JG, so as to be considered an agent of the owner. Further, the Court noted the application of New York law which provides: "As a general rule, a separate prime

contractor is not liable under Labor Law §§240 or 241 for injuries caused to employees of other contractors with whom they are not in privity of contract, so long as the contractor has not been delegated the authority to oversee and control the activities of the injured worker." A copy of the Order is attached at **Exhibit A.**

13. By way of Motion dated August 15, 2016, 823 Park and PMG sought leave to reargue, which the Court denied by Order dated September 23, 2016. A copy of the Order denying the Motion to Reargue and reaffirming the dismissal of Ameribuild from the Underlying Action is attached as **Exhibit B**.

## INSURANCE COVERAGE

14. American Empire issued a policy of Commercial General Liability insurance to Ameribuild, bearing Policy No. 6 CG 1 68 51, for the period of April 15, 2006 to April 15, 2007.

15. The American Empire policy contains an endorsement entitled: "Additional Insured – Owners, Lessees Or Contractors – Scheduled Person Or Organization", which provides, in relevant part:

> A. **Section II – Who Is An Insured** is amended to include as an additional insured [all entities required by written contract to be included for coverage as additional insureds in respect to operations performed by the Named Insured or on their behalf], but only with respect to liability arising out of [Ameribuild's] ongoing operations performed for that insured.

16. American Empire is currently defending 823 Park and PMG, in tandem with AIG, in the Underlying Action.

17. Since Ameribuild, American Empire's named insured, has been released from all liability as a matter of law with respect to Perdomo's claims, American Empire has no further

(c) That this Court grant American Empire the right to immediately withdraw from its participation in the defense of 823 Park and PMG in connection with Underlying Action;

(d) That American Empire be awarded the costs and disbursements of this action; and

(e) That American Empire shall have such other, further, and different relief as this Court may deem just and proper.

Dated: Garden City, New York
      October 11, 2016

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.

By: *[signature]*

Richard P. Byrne (RPB2700)
Attorneys for Plaintiff
American Empire Surplus Lines Insurance Company
1001 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 294-8844

6